**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Narek Hakobyan,

Petitioner,

v.

Unknown Party,

Respondent.

No. CV-26-04941-PHX-MTL

**ORDER**

The Court has considered the Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241.

This is Petitioner's second petition, having been filed just days after this Court denied the first one. This Court previously found that Petitioner is an "arriving alien" who applied for admission into the United States at the San Ysidro, California port of entry on or about February 1, 2025. *See Hakobyan v. Rokosky*, No. CV-26-01241-PHX-MTL (DMF) (Docs 16, 18). The Court further found that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b). Based on these findings, the Court denied the Petition. *See Jenings v. Rodriguez*, 583 U.S. 281 (2018); *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Petitioner's removal proceedings remain ongoing. The present Petition asserts claims relating to his ongoing detention, the length of time required for the proceedings, and the charging documents. Petitioner is not entitled to relief on these grounds.

As the Court previously held, Petitioner's detention is authorized under § 1225(b). The Court reaffirms its finding that Petitioner's present and continued detention pending

the conclusion of his immigration proceedings is lawful and not unconstitutionally prolonged.

Petitioner is entitled to the process established by Congress in the nation's immigration laws. Here, the process is ongoing, so there is no due process violation. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("[T]he Court long ago held that Congress is entitled to set the conditions for an alien's lawful entry into this country and that, as a result, an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause . . . other than those afforded by statute." (internal citation omitted)).

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of Court must enter a judgment of dismissal without prejudice and close this case.

Dated this 7th day of October, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge